UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUAN ANTHONY RODRIGUEZ,

      Plaintiff,

v.

KID CENTRAL INC C.P.S., INDIVIDUAL AND OFFICIAL CAPACITY; SUPER. CASE WORKER SANDRA NEAL, INDIVIDUAL AND OFFICIAL CAPACITY; AND CASE MANAGER C.P.S. KATHERINE BOZA, INDIVIDUAL AND OFFICIAL CAPACITY;

      Defendants,
_____/

Case No.: 5:25-cv-00412-SDM-PRL

**ORDER**

The Plaintiff, Juan Anthony Rodriguez, who is proceeding *pro se*, filed this action against Defendants Kid Central Inc., C.P.S. case worker Sandra Neal, and case manager Katherine Boza. Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

    **I.**    **Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1).

However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II.   Discussion

As best can be discerned from the allegations of the complaint, Plaintiff's claims arise out his dissatisfaction with matters handled by defendants and "C.P.S." Plaintiff alleges that his three-year-old son was removed from his care, and he requests unsupervised visits with his son "to take effect immediately." (Doc. 1 at 9). His complaint references numerous other grievances, including his allegations that defendants refused to return his credit card and that defendants have mishandled matters involving reunification with his son. Plaintiff's complaint also includes vague references to violations of privacy, denial of due process rights, civil rights violations, and abuse of position and authority. (Doc. 1).

Plaintiff asserts that his claim is based on federal question jurisdiction and cites civil rights violations and 42 U.S.C. § 1983. Plaintiff seeks damages of $200,000 and the return of unsupervised visits with his son. (Doc. 1 at 9).

To begin, Plaintiff's allegations are vague, conclusory, non-specific, and lack well-pled facts. In short, Plaintiff's allegations are far from sufficient to state a claim. Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding *pro se*, Plaintiff is "still required to conform to procedural rules, and the court is not required to

rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Moreover, and significantly, Plaintiff's claims appear to be an inappropriate collateral attack on state court or state agency proceedings involving visitation rights and the well-being of Plaintiff's minor son. Nonetheless, out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for his claim. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.  Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **August 21, 2025,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, Plaintiff is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website

(http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

      **DONE** and **ORDERED** in Ocala, Florida on Jully 17, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties